UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE COFFMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>THE MICHAELS COMPANIES, INC.,<br>ASHLEY BUCHANAN, MARK S. COSBY,<br>JOSHUA BEKENSTEIN, RYAN COTTON,<br>MONTE E. FORD, KAREN KAPLAN,<br>MATTHEW S. LEVIN, JOHN J.<br>MAHONEY, JAMES A. QUELLA, and<br>BERYL B. RAFF,<br><br>        Defendants. | Case No._____<br><br>**COMPLAINT FOR VIOLATIONS OF<br>THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Catherine Coffman ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against The Michaels Companies, Inc. ("Michaels" or the "Company"), and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"). By the action, plaintiff seeks to enjoin the consummation of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Michaels will be acquired by affiliates of Apollo Management IX, L.P., including Magic AcquireCo, Inc. ("Parent"), and Magic MergeCo, Inc.

1

("Merger Sub," and collectively with Parent and Apollo Management IX, L.P., "Apollo") (the "Proposed Transaction").[1]

2. On March 3, 2021, Michaels and Apollo jointly announced that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which Apollo will acquire all outstanding shares of Michaels for $22.00 in cash per share of the Company's common stock (the "Offer Price"). Pursuant to the Merger Agreement, Merger Sub commenced the Tender Offer on March 16, 2021. The Tender Offer is scheduled to expire at one minute following 11:59 p.m. Eastern Time on the twentieth (20th) business day following the Tender Offer, on April 12, 2021. The Proposed Transaction is valued at approximately $3.3 billion.

3. On March 16, 2021, Michaels filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that the Company's stockholders tender their shares in favor of the Tender Offer, omits or misrepresents material information concerning, among other thing: (a) the financial projections for Michaels, provided by Michaels to the Company's financial advisor UBS Securities LLC. ("UBS"); (b) the financial analyses prepared by UBS in support of its fairness opinion in favor of the Proposed Transaction; and (c) the sales process and in particular certain conflicts of interest for management. Defendants authorized the issuance of the false and misleading Recommendation Statement in violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act.

---

[1] Non-party Apollo Management IX, L.P. is an affiliate of Apollo Global Management, leading global investment manager. Apollo Global Management's common stock is traded on the NYSE under the symbol "APO". Non-party Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction. Non-Defendant Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## PARTIES

9. Plaintiff owns, and has continuously owned at all times relevant hereto, Michaels common stock.

10. Defendant Michaels is a Delaware corporation with its principal place of business

at 8000 Bent Branch Drive, Irving, Texas 75063.  Shares of Michaels common stock are traded on the NasdaqGS under the symbol "MIK."

11. Defendant Ashley Buchanan ("Buchanan ") has been a Director of the Company at all relevant times.  In addition, Buchanan serves as the Company's Chief Executive Officer ("CEO").

12. Defendant Mark S. Cosby ("Cosby") has been a director of the Company at all relevant times.

13. Defendant Joshua Bekenstein ("Bekenstein") has been a director of the Company at all relevant times.

14. Defendant Ryan Cotton ("Cotton") has been a director of the Company at all relevant times.

15. Defendant Monte E. Ford ("Ford") has been a director of the Company at all relevant times.

16. Defendant Karen Kaplan ("Kaplan") has been a director of the Company at all relevant times.

17. Defendant Matthew S. Levin ("Levin") has been a director of the Company at all relevant times.

18. Defendant John J. Mahoney ("Mahoney") has been a director of the Company at all relevant times.

19. Defendant James A. Quella ("Quella") has been a director of the Company at all relevant times.

20. Defendant Beryl B. Raff ("Raff") has been a director of the Company at all relevant times.

21. As noted above, the defendants identified in paragraphs 11 through 20 are collectively referred to as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*The Proposed Transaction*

22. On March 3, 2021, Michaels and Apollo jointly announced:

IRVING, TX and NEW YORK – March 3, 2021 - The Michaels Companies (NASDAQ: MIK) ("Michaels" or "the Company") and funds managed by affiliates of Apollo Global Management, Inc. (NYSE: APO) (together with its consolidated subsidiaries "Apollo") today announced that they have entered into a definitive merger agreement pursuant to which investment funds managed by affiliates of Apollo have agreed to acquire the Company in a transaction that values Michaels at an equity value of approximately $3.3 billion (for a transaction valued at $5.0 billion).

Under the terms of the agreement, which has been unanimously approved by the Michaels Board of Directors, Apollo will commence a tender offer to acquire all outstanding shares of Michaels for $22.00 per share in cash. The purchase price represents a 47% premium to the closing stock price on February 26, 2021 (the last trading day prior to press speculation about a potential transaction involving Michaels) of $15.00 per share and a 78% premium to the 90-day volume-weighted average price.

"The Company's impressive growth transformation, including our financial and operational performance in the unprecedented environment of the pandemic, led to an unsolicited offer to buy the company," said James Quella, Chairman of the Michaels Board of Directors. "Following that offer, the board undertook a comprehensive process to test the market and to evaluate the value maximizing path forward for shareholders. The Board of Directors, informed by that process, firmly believes Apollo's offer represents a compelling value to our shareholders. It has been a privilege to work with Ashley and the management team as they coalesced around the transformation strategy, reimagined the Michaels omni-channel experience, and drove strong business outcomes in a challenging retail environment."

"Our Michaels strategy and the work that we have done in the past year have led to phenomenal business results, strengthened our core business and positioned Michaels for long-term sustainable growth," said Ashley Buchanan, Chief Executive Officer of Michaels. "We are excited to enter into this new chapter together with Apollo, who shares our strategic vision for Michaels as an omnichannel retailer that offers a one-stop-shop experience for the entire Michaels community. As a private company, we will have financial flexibility to invest in, expand, and improve our retail and digital platforms."

Andrew S. Jhawar, Senior Partner and Head of the Retail and Consumer Group at Apollo, said "On behalf of the Apollo Funds, we are delighted about this transaction with Michaels, which has continued to elevate its position as the leading player in the exciting arts and crafts industry. Michaels is the go-to- destination in arts and crafts for the deepest breadth of assortment with best-in-class customer service. We believe there is a significant opportunity to enhance the Michaels brand, store experience and omnichannel offering to its customers across North America. Our team at Apollo expects to leverage many of the strategies from our funds' successful investments in other specialty retailers and grocers with Michaels. We are looking forward to working with the management team and the over 45,000 team members at Michaels in further enhancing the Company's retail and digital channels as the most inspiring and engaging experience in the arts and crafts industry."

The closing of the transaction is subject to customary closing conditions, including the expiration or termination of certain regulatory periods and the tender of shares representing at least a majority of the Company's outstanding common stock to Apollo, and is expected to close in Michaels' first half of the Company's fiscal year. Following the successful completion of the tender offer, Apollo managed funds will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price. The transaction will be financed through a combination of equity provided by Apollo managed funds as well as a committed debt financing package to be provided by Credit Suisse, Barclays, Wells Fargo, RBC Capital Markets, Deutsche Bank, Mizuho, and Bank of America.

The merger agreement provides for a "go-shop" period, during which Michaels – with the assistance of UBS Investment Bank, its exclusive financial advisor – will actively solicit, evaluate and potentially enter into negotiations with and provide due diligence access to parties that submit alternative proposals.

The go-shop period is 25 calendar days, commencing today. Michaels will have the right to terminate the merger agreement to enter into a superior proposal subject to the conditions and procedures specified in the merger agreement, which Michaels will file with a Current Report on Form 8-K. There can be no assurance this process will result in a superior proposal. Michaels does not intend to disclose developments about this process unless and until its Board of Directors has made a decision with respect to any potential superior proposal.

Upon the completion of the transaction, Michaels will become a privately held company and shares of MIK common stock will no longer be listed on any public market.

***The Materially Misleading and/or Incomplete Recommendation Statement***

23.     Defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to the Company's stockholders.  The

6

Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

24. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (a) the financial projections for Michaels, provided by Michaels to the Company's financial advisor UBS Securities LLC. ("UBS"); (b) the financial analyses prepared by UBS in support of its fairness opinion in favor of the Proposed Transaction; and (c) the sales process and in particular certain conflicts of interest for management.

*Omissions and/or Material Misrepresentations Concerning Michaels' Financial Projections*

25. The Recommendation Statement omits material information concerning financial projections provided by Michaels management and relied upon by UBS in its analyses.

26. First, the Recommendation Statement fails to disclose all line items necessary to calculate "Reported EBITDA," including (a) net income and (b) taxes.

27. Next, the Recommendation Statement fails to disclose all line items necessary to calculate "Adjusted EBITDA," including (a) net income, (b) taxes, and (c) the specific adjustments made for items including but not limited to: (i) losses on the early extinguishment of debt, (ii) consulting fees associated with strategic initiatives and future cost savings, (iii) severance, (iv) store pre-opening, (v) store remodel, and (vi) store closing costs.

28. The Recommendation Statement further fails to disclose all line items necessary to calculate "Normalized EBITDA," including (a) net income, (b) taxes, and (c) the specific adjustments made for items including but not limited to: (i) losses on the early extinguishment of

7

debt, (ii) consulting fees associated with strategic initiatives and future cost savings, (iii) severance, (iv) store pre-opening, (v) store remodel, and (vi) store closing costs.

29. Without accurate projection data presented in the Recommendation Statement, Plaintiff is unable to properly evaluate the Company's true worth, the accuracy of UBS's financial analyses, or make an informed decision whether to tender in favor of the Proposed Transaction. As such, the Board has breached their fiduciary duties by failing to include such information in the Recommendation Statement.

*Omissions and/or Material Misrepresentations Concerning the Financial Analyses by UBS*

30. The Recommendation Statement describes UBS's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of UBS's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Michaels' public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on UBS's fairness opinion in determining whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

31. First, the Recommendation Statement fails to disclose the specific inputs and assumptions utilized to determine the selected reference multiple ranges of (a) 6.0x to 7.5x 2021E Normalized EBITDA; and (b) 5.75x to 7.25x 2022E Normalized EBITDA with respect to the *Selected Public Company Analysis* prepared by UBS. The Recommendation statement further fails to disclose the number of fully diluted shares outstanding for the Company in connection with this analysis.

32. Next, the Recommendation Statement fails to disclose numerous critical items related to the *Selected Transactions Analysis* performed by UBS. Specifically, the

Recommendation Statement fails to disclose (a) the date on which each selected precedent transaction closed; (b) the value of each selected precedent transaction; (c) the specific inputs and assumptions utilized to determine the selected reference multiple range of 5.0x to 7.0x TV/LTM Normalized EBITDA; and (d) the number of fully diluted shares outstanding for the Company.

33. With respect to the *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose (a) the specific inputs and assumptions used to determine the discount rate range of 9% to 11% utilized; (b) the Company's weighted average cost of capital; (c) the specific size premium utilized, and the specific inputs and assumptions used to determine it; (d) the Company's estimated terminal values as of the 2025 fiscal year calculated; (e) the specific inputs and assumptions used to determine the terminal multiple range of 6.0x to 7.5x utilized; and (d) the number of fully-diluted shares outstanding for the Company.

34. Without such undisclosed information, stockholders of Michaels cannot evaluate for themselves whether the financial analyses performed by UBS were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which UBS's opinion and analyses should factor into their decision whether to tender their shares in favor of or against the Proposed Transaction or seek appraisal.

35. In addition to these critical omissions with respect to the Board's financial advisor's analysis, the Recommendation Statement also fails to disclose material information regarding potential conflicts affecting UBS. Specifically, the Recommendation Statement fails to disclose the timing and nature of the past services UBS provided to Parent and its affiliates.

36. Full disclosure of investment banker compensation and all potential conflicts is

required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

37. The omission of this material information renders the statements in the "Certain Financial Projections" and "Opinion of the Financial Advisor to the Company Board" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

<u>Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction</u>

38. The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether there were any communications regarding post-transaction employment during the negotiation of the underlying transaction. Any such communications during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of Plaintiff and Company stockholders

## **CLAIMS FOR RELIEF**

## **COUNT I**

**Claims Against All Defendants for Violations
of Section 14(d) of the Exchange Act and SEC Rule 14d-9**

39. Plaintiff repeats all previous allegations as if set forth in full.

40. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Michaels (a) the financial projections for Michaels, provided by Michaels to the Company's financial advisor UBS Securities LLC. ("UBS"); (b) the financial analyses prepared by UBS in support of its fairness opinion in favor of the Proposed Transaction; and (c)

the sales process and in particular certain conflicts of interest for management. stockholders to tender their shares in the Tender Offer.

41. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

42. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

43. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

44. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Michaels, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

45. Plaintiff repeats all previous allegations as if set forth in full.

46.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer.

47.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer or seek appraisal.

48.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

49.     Plaintiff repeats all previous allegations as if set forth in full.

50.     The Individual Defendants acted as controlling persons of Michaels within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Michaels and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

53. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

54. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

55. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Michaels, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. Directing the defendants to disseminate a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C. Declaring that defendants violated Sections 14(d)(4), 14(e), and/or 20(a) of the Exchange Act, as well as SEC Rule 14d-9 promulgated thereunder;

D. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

E. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

      Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 24, 2021　　　　　　　　**LONG LAW, LLC**

                                           By:　*/s/ Brian D. Long*
                                                Brian D. Long (#4347)
                                                3828 Kennett Pike, Suite 208
                                                Wilmington, DE 19801
                                                (302) 729-9100
                                                bdlong@longlawde.com

                                                *Attorneys for Plaintiff*